Liu v. Lynch

BIA
Sichel, IJ
A088 827 636

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of January, two thousand seventeen.

PRESENT:
RICHARD C. WESLEY,
DENNY CHIN,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

_____

YIPING LIU, AKA YI PING LIU,
*Petitioner,*

v.                                          15-2301
                                            NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Michael A. O. Brown, Law Offices of
                         Michael Brown, PC, New York, N.Y.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Anthony
                         P. Nicastro, Acting Assistant
                         Director; Sabatino F. Leo, Trial
                         Attorney, Office of Immigration
                         Litigation, U.S. Department of
                         Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED IN PART and DENIED IN PART.

Petitioner Yiping Liu, a native and citizen of China, seeks review of a June 23, 2015 decision of the BIA affirming a March 21, 2014 decision of an Immigration Judge ("IJ"), denying Liu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yiping Liu,* No. A088 827 636 (B.I.A. June 23, 2015), *aff'g* No. A088 827 636 (Immig. Ct. N.Y. City Mar. 21, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and BIA's decisions. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

I. <u>Asylum</u>

We dismiss as untimely Liu's petition relating to the agency's pretermission of his asylum application. An asylum application must be filed within one year of an applicant's arrival in the United States, absent changed or extraordinary

2

circumstances. 8 U.S.C. § 1158(a)(2)(B), (D). We lack jurisdiction to review a denial of asylum on timeliness grounds. 8 U.S.C. § 1158(a)(3). Although we retain jurisdiction to review "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(D), Liu's argument that the agency erred by finding that he did not establish extraordinary circumstances does not present a reviewable claim or question, *see* *Joaquin-Porras v. Gonzales*, 435 F.3d 172, 180 (2d Cir. 2006).

II. <u>Credibility</u>

For applications governed by the REAL ID Act, like Liu's, the agency may, considering the totality of the circumstances, base a credibility finding on an applicant's demeanor, the plausibility of his account, and inconsistencies in his statements and other record evidence without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. We defer to an IJ's credibility determination "unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Further, "[a] petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80

3

(2d Cir. 2005) (quotation marks omitted).  Here, substantial evidence supports the agency's adverse credibility determination.

First, the agency reasonably relied on inconsistencies between Liu's application and testimony about how he distributed Falun Gong fliers.  *See Xiu Xia Lin*, 534 F.3d at 163-64.  Liu stated in his application and testified on direct that he disguised the Falun Gong fliers with advertisements and put them into mailboxes in the middle of the night.  However, Liu testified on cross-examination that he did *not* disguise the fliers with advertisements.  The IJ was not compelled to accept Liu's explanation that he had perhaps misunderstood the question.  *Majidi*, 430 F.3d at 80.

Second, the agency reasonably relied on inconsistencies between Liu's application and testimony concerning the timeline for his release from detention and escape from China.  *See Xiu Xia Lin*, 534 F.3d at 163-64.  Liu stated in his application that he was detained for five days following his February 2000 arrest, went into hiding soon after his release, left China on March 29, 2000, and arrived in the United States on September 23, 2000. However, Liu testified on both direct and cross-examination that he went into hiding on September 20 or 22, 2000 and arrived in the United States on September 23, 2000.

4

Liu was asked how he could have gone into hiding on September 22, but arrived in the United States the next day; Liu paused and then responded that he left China on March 29, 2000. He also stated at various points that he went into hiding on February 20, February 22, and March 20, 2000. The IJ was not compelled to accept Liu's explanations, which only created additional inconsistencies. *See Majidi*, 430 F.3d at 80.

Third, the agency reasonably relied on Liu's father's inconsistent testimony. *See Xiu Xia Lin*, 534 F.3d at 163-64. Liu's father initially testified that Liu did not get into any trouble in China; he was immediately asked that same question again, however, and testified that Liu had been arrested. The IJ was entitled to reject Liu's father's explanation that he was nervous and forgot about Liu's arrest. *Majidi*, 430 F.3d at 80.

Fourth, the agency reasonably relied on the implausibility of certain aspects of Liu's claimed Falun Gong activities in China. *See Xiu Xia Lin*, 534 F.3d at 167-68. The agency found implausible Liu's claims that he learned but did not practice Falun Gong in China because he was afraid of getting caught after the government's 1999 crackdown, and that he felt comfortable distributing fliers only because he was a minor. That finding is reasonably supported by the entire record. *See Ying Li v.*

*Bureau of Citizenship & Immigration Servs.*, 529 F.3d 79, 82 (2d Cir. 2008).

In short, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. That determination is dispositive of Liu's claims for withholding of removal and CAT relief because those claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DISMISSED IN PART and DENIED IN PART. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk